## KUINLAN v. MELENDEZ.

APPEAL in cassation from a judgment rendered by the District Court of Arecibo.

No. 31.—Decided November 3, 1902.

APPEAL IN CASSATION.—An appeal in cassation lies for error of procedure based on a refusal to hear evidence, providing such evidence is admissible, and the failure to admit the same may have deprived the party of his defense.

EVIDENCE OF CONFESSION.—Evidence of confession should be requested in writing, and the interrogatories, in reply to which such evidence is to be given, should be set out in full; if such requirements are not complied with, the evidence is not admissible, nor can it be said that a failure to take such evidence did or did not deprive a party of his defence; therefore the appeal based on this ground does not lie.

STATEMENT OF THE CASE.

Don Gregorio Kuinlan brought suit in the District Court

año próximo pasado, demanda contra Don Gumersindo Meléndez, socio y sucesor de la sociedad mercantil colectiva que giró en Manatí bajo la razón de "Meléndez Hermanos", con súplica de que fuera condenado dicho Meléndez á pagar al demandante, como endosatario de un pagaré librado por la referida sociedad en 30 de Mayo de 1885, á favor de Doña Antonia Delgado, la cantidad de mil doscientos cuarenta pesos treinta y dos centavos, moneda americana, por capital é intereses convenidos, hasta el 30 de Septiembre, mes anterior al de la demanda, con más los intereses de los intereses desde el día de la interposición de dicha demanda, hasta la realización del pago y las costas del juicio; habiendo acompañado como documento justificante de su pretensión el pagaré aludido, que representa la suma de mil pesos moneda corriente en la fecha del pagaré, á satisfacer en 30 de Marzo de 1886, mediante entregas de partidas de cien pesos mensuales, con el interés del uno por ciento, hasta la extinción de la deuda, en el término señalado.

*Resultando*: que Don Gumersindo Meléndez impugnó la demanda solicitando se declarara sin lugar, con las costas á cargo de la parte demandante, á cuyo fin, afirmando la verdad del pagaré que le sirve de fundamento, alegó que la Sociedad mercantil "Meléndez Hermanos" dejó de existir en el mes de Noviembre del año 1885, por haberse presentado en quiebra, sin que el demandado volviera á ejercer el comercio, habiendo además prescrito cualquiera acción que pudiera ejercitarse contra los socios de aquella razón mercantil.

*Resultando*: que habiendo solicitado ambas partes se recibiera el juicio á prueba, el Tribunal de Arecibo dictó auto en 12 de Noviembre del año próximo pasado, convocando á las partes para una comparecencia que debía tener lugar el día 3 de Diciembre siguiente, á la que concurrirían demandante y demandado, llevando formuladas por escrito las pruebas de todo género de que intentaran valerse; pero á instancia de ambas partes se suspendió el acto hasta nuevo

of Arecibo on the 7th of October of last year, against Don
Gumersindo Melendez, partner in and successor to, the mer-
cantile firm of Melendez Hermanos, of Manatí, praying that
the said Melendez be adjudged to pay to the plaintiff, as
endorsee of a promissory note made by the said firm on the
30th of May, 1886, in favor of Doña Antonia Delgado, the
sum of one thousand two hundred and forty dollars and
thirty-two cents, American money, as principal and stipula-
ted interest, up to the 30th of September, the month preced-
ing the institution of the suit, and in addition the interest
accruing on the interest from the date on which the said
complaint was filed to the date of payment, and the costs of
the proceeding. In support of the claim, the aforesaid pro-
missory note was attached to the complaint, and is for the
sum of one thousand *pesos* of the money current on the date
the note was made, the said note falling due on the 30th
of March, 1886, and payable in monthly installments of one
hundred *pesos*, with interest at one per cent until the
satisfaction of the debt on maturity. Don Gumersindo
Melendez answered the complaint, praying that the same
be dismissed with costs against the plaintiff, and while
admitting the authenticity of the promissory note, alleged
that the mercantile firm of Melendez Hermanos had ceased
to exist in the month of November, 1885, the same having
gone into bankruptcy, and that since then the defendant
has not been engaged in business; and moreover that any
action which could be brought against the members of the
said mercantile firm, was barred by the statute of limitations.

Both parties having requested that evidence be introduced
on the trial, the Arecibo Court made an order on the 12th
of November of the year last passed, summoning the parties
to appear on the 3rd of December following, at which time
plaintiff and defendant should appear, and bring in writing
all of the evidence which they might wish to introduce;
but at the request of both parties the hearing was postponed
until another date should be set therefor, and on the 4th of

señalamiento, y en 4 de Enero, á petición de Kuilan, se señaló para la proposición de pruebas el 24 del mismo mes, en la forma prevenida en el auto de 12 de Noviembre; y como no comparecieran las partes, visto lo dispuesto en la Regla 54 de la Orden General número 118, serie de 1899, se señaló, por providencia del propio día, el 26 de Febrero para la celebración de la vista pública, en la cual los Letrados defensores alegarían ó informarían acerca del derecho de sus representados.

*Resultando:* que el demandante, en escrito de 29 de Enero, solicitó fuera citado Don Gumersindo Meléndez para que compareciera en el día de la celebración del juicio oral, á fin de que prestara declaración sobre las preguntas que en el acto serían formuladas, á lo que accedió el Tribunal por providencia del día siguiente; y habiéndose suspendido el juicio y señaládose el 19 de Marzo para su celebración, volvió á solicitar Kuinlan que para ese día fuera citado el demandado, á los fines ya pretendidos, á lo que declaró el Tribunal no haber lugar, por auto de 12 de Marzo, por no haberse propuesto la prueba de confesión oportunamente, y porque el objeto de la vista pública que ordena la regla 54 de la Orden General No. 118 es que informen los letrados defensores de las partes acerca del derecho de éstas.

*Resultando:* que contra esa resolución ejercitó recurso de reposición la parte actora, que en el acto de la vista fué declarado sin lugar, formulando protesta, por ello, el Letrado defensor de Kuinlan.

*Resultando:* que el Tribunal de Arecibo, por sentencia de 25 de Marzo último, absolvió á Don Gumersindo Meléndez en concepto de socio y sucesor de la mercantil "Meléndez Hermanos", de la demanda contra él interpuesta por Kuinlan, á quien condenó en las costas del juicio.

*Resultando:* que contra esa sentencia ha interpuesto Don Gregorio Kuinlan recurso de casación por quebrantamiento de forma y por infracción de ley, autorizado el primero, que

January, at the request of Kuinlan, the 24th day of the said month was set for the introduction of evidence in the manner prescribed in the order of the 12th of November; and as the parties failed to appear, in view of the provisions of Rule 54 of General Order No. 118, Series of 1899, an order was made on the same day setting the 26th of February for the public hearing of the case, at which hearing counsel "should state their clients' cases". The plaintiff in a petition, dated the 29th of January, prayed the Court to summon Don Gumersindo Melendez to appear on the day of the hearing, in order that he might testify in reply to the questions which might be put to him at the time, which petition was granted by the Court in an order dated the following day; and the hearing having been postponed until the 19th of March, Kuinlan petitioned the Court to summon the defendant, for the purposes already stated, the said petition being denied by the Court, by order of the 12th of March, on the ground that the evidence of confession was not proposed in due time, and because the object of the public hearing provided for by Rule 54 of General Order No. 118, is that counsel shall "state the cases of their clients".

On the entering of this order the plaintiff made a motion for a reconsideration, which motion was overruled by the Court, and counsel for Kuinlan took an exception thereto.

The Arecibo Court by a judgment rendered on the 25th of March, last, exonerated Don Gumersindo Melendez from all liability, as partner and successor of the mercantile firm of Melendez Hermanos, under the suit filed against him by Kuinlan against whom the costs of the proceeding were taxed.

From this judgment Don Gregorio Kuinlan took an appeal in cassation for error of procedure, and error of law, the former which is the one now under consideration, being authorized by paragraph 5 of article 1691 of the Law of Civil Procedure, and being based on the refusal of the Court to allow

es el que se tramita, por el número 5 del artículo 1691 de la Ley de Enjuiciamiento Civil, y fundado en la negativa de la práctica de la prueba de confesión del demandado, cuya prueba, según alega, estaba admitida por providencia firme de 30 de Enero último, y cuya falta apareja indefensión, habiéndose formulado la oportuna protesta para la preparación del recurso.

Abogado del apelante: *Sr. López Landrón.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal:

*Considerando*: que según dispone el número 5 del artículo 1691 de la Ley de Enjuiciamiento Civil, para que proceda el recurso de casación en la forma, fundado en la denegación de una diligencia de prueba, es necesario que ésta sea admisible según las leyes y su falta haya podido producir indefensión.

the introduction of the defendant as a witness to confess in court, which evidence it is alleged, was admitted by a final order dated the 30th of January, last, and without which evidence the plaintiff cannot prove his case, the proper exception having been taken for the preparation of the appeal.

*Mr. López Landrón,* for appellant.

MR. JUSTICE HERNANDEZ delivered the opinion of the Court: According to the provisions of paragraph 5 of article 1691 of the Law of Civil Procedure, in order that an appeal in cassation may lie for error of procedure, based on a refusal to hear evidence, it is necessary that such evidence shall be admissible according to law, and that the failure to admit the same may have left a party without a defence.

The confession to be made by the defendant, which the Arecibo Court refused to hear was not admissible in evidence, inasmuch as it was not presented in writing in accordance with the provisions of Rule 52 of General Order No. 118, Series of 1899; and since the interrogatories upon which it was to be based had not been prepared, it cannot be said that the lack of such evidence did or did not prevent the plaintiff from proving his case; the appeal therefore does not lie, since it fails to come within the legal provision upon which it is based.

We adjudge that we should declare, and do declare, that the appeal in cassation for error of procedure taken by Kuinlan, does not lie, and the costs of this proceeding are taxed against the said Kuinlan. This decision will be communicated to the trial Court; and the attention of the Court will be in due time directed to the appeal for error of law for the determination thereof.

Messrs. Chief Justice Quiñnes and Associate Justices Figueras, Sulzbacher and MacLeary concurring.